## In the Matter of Steven J. MOERLEIN.

No. 71S00–0605–DI–160, 71S00–0612–DI–527.

Supreme Court of Indiana.

May 15, 2007.

*ORDER OF INDEFINITE SUSPENSION FROM THE PRACTICE OF LAW IN INDIANA FOR NONCOOPERATION WITH THE DISCIPLINARY PROCESS*

*In Cause No. 71S00–0605–DI–160:* On September 25, 2006, pursuant to Indiana Admission and Discipline Rule 23(10)(f), this Court suspended Respondent from the practice of law in this State for failing to cooperate with the Disciplinary Commission concerning a grievance filed against Respondent. The Disciplinary Commission has now moved to convert Respondent's suspension to an indefinite suspension from the practice of law pursuant to Admission and Discipline Rule 23(10)(f)(4). Respondent has not responded to the Commission's motion to convert the current suspension.

The Court finds that more than six months have passed since Respondent was suspended due to noncooperation with the disciplinary process. Accordingly, the

Court concludes that Respondent's suspension should be converted to an indefinite suspension from the practice of law pursuant to Admission and Discipline Rule 23(10)(f)(4).

*In Cause No. 71S00–0612–DI–527:* On January 5, 2007, this Court ordered Respondent to show cause why he should not be immediately suspended from the practice of law in this state due to his failure to respond to the Indiana Supreme Court Disciplinary Commission's demands for a response to a different grievance filed against Respondent. The order required that Respondent show cause in writing within 10 days of service of the order. The Commission has also moved this Court to impose costs against Respondent of $529.76 pursuant to Indiana Admission and Discipline Rule 23(10)(f)(5). Respondent has not submitted a response to the "Order to Show Cause."

IT IS THEREFORE ORDERED:

(1) Respondent's current suspension from the practice of law in Cause No. 71S00–0605–DI–160 for failure to cooperate with the disciplinary process is converted to an indefinite suspension, effective immediately. This moots the Commission's request for suspension in Cause No. 71S00–0612–DI–527.

(2) Respondent shall fulfill the duties of a suspended attorney under Admission and Discipline Rule 23(26). To be readmitted to the practice of law in this State, Respondent must successfully petition this Court for reinstatement pursuant to Admission and Discipline Rule 23(4), proving among other things that he has remedied the non-cooperation underlying both Cause No. 71S00–0605–DI–160 and Cause No. 71S00–0612–DI–527.

(3) Pursuant to Admission and Discipline Rule 23(10)(f)(5), Respondent is ordered reimburse the Disciplinary Commission $529.76 for the costs of prosecuting the proceeding in Cause No. 71S00–0612–DI–527.

The Clerk of this Court is directed to give notice of this order to Respondent by certified mail, return receipt requested, at his address as reflected in the Roll of Attorneys. The Clerk of this Court is further directed to give notice of this order to the Disciplinary Commission and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

All Justices concur.